# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

|  |  |  |
|---|---|---|
| IN RE: | ) ) ) ) ) | CHAPTER 7<br><br>CASE NO. 06-60396 |
| CLAYTON B. SMITH,<br>Debtor. | ) ) ) ) ) ) ) ) | JUDGE RUSS KENDIG<br><br>**MEMORANDUM OF DECISION**<br>**(NOT INTENDED FOR**<br>**PUBLICATION)** |

This matter is before the court upon a motion for judicial instruction filed by Craig Conley, a pro se judgment creditor, (hereinafter "Conley") on April 3, 2006. Clayton B. Smith (hereinafter "Smith") filed his original response on April 17, 2006, and a final amended response on April 19, 2006. Conley filed a pre-hearing brief on May 10, 2006. On May 10, 2006, the court held a hearing on this motion. At the hearing, the court instructed parties to submit briefs separating contested facts from uncontested facts. Conley filed his brief on May 18, 2006 and Smith filed his brief on May 19, 2006. On June 23, 2006, the court issued an order notifying parties that they had seven days in which to request a further hearing on this matter. No such hearing was requested. During a status conference on July 26, 2006, at which parties discussed several motions pending in this case, the court granted Conley's oral motion for leave to file an additional document pertaining to this motion. Conley filed this document, a transcript of state court proceedings, on August 2, 2006.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 157, and the general order of reference entered in this district on July 16, 1984. This is a core proceeding over which the court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(A). Venue in this district and division is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTS & PARTIES' ARGUMENTS

Though a plethora of documents have been filed by both parties in regards to this motion,

1

the majority of the facts and arguments contained in those documents are, at best, tangential to the issue at hand. Thus, perhaps the most productive documents filed in this case are Conley and Smith's briefs concerning the material facts as they pertain to the motion for judicial instruction. In essence, Conley seeks to determine whether a bench warrant can be properly issued by the Stark County Common Pleas court without violating § 362 of the Bankruptcy Code.

In March of 2004, Conley obtained a judgment in state court against Smith. Smith paid only a portion of this judgment. In attempting to execute this judgment, Conley initiated a fraudulent transfer action against Smith. In July of 2005, the state court awarded Conley compensable damages in the amount of $2,067.40, plus interest at 10% per annum from March 2, 2005.[1] The state court further awarded Conley punitive damages in the amount of $1,500.00, plus interest at 5% per annum. Subsequently, the state court ordered Smith to attend a debtor's examination and to produce certain financial records. While Smith appeared at the hearing, he did not produce the required documents. Conley filed a motion to show cause with the state court on February 16, 2006. The state court ordered Smith to comply with the November 16th order on or before March 8, 2006, and to appear at a hearing on March 8, 2006. Smith appeared at the March 8th hearing and agreed to provide tax returns for the years 2001, 2002, 2003, and 2004 to Conley by March 15, 2006 at 4:00 p.m. The state court continued the contempt hearing to March 23, 2006. Smith mailed the subject tax returns to Conley on March 18, 2006. Smith appeared at the March 23rd hearing and agreed to execute a release authorizing his tax preparer to supply the tax returns in question to Conley. The contempt hearing was again continued, this time to March 29, 2006. Smith provided Conley with the subject tax returns on March 28, 2006. Smith filed a petition for relief under chapter 13 of the Bankruptcy Code on March 28, 2006. Though the contempt hearing went forward in state court on March 29, 2006, Smith did not appear. Conley filed a request for issuance of a bench warrant on March 29, 2006. Subsequently, the state court issued a bench warrant for Smith's arrest. The state court immediately issued an order directing the sheriff to refrain from executing the warrant.

Several state court documents contain information relevant to this motion. First, the judgment entry from July 28, 2005 indicates the basis of that particular suit was Smith's failure to satisfy an earlier judgment in favor of Conley. The bench warrant, issued on March 30, 2006, states that it is "being issued due to Smith's failure to appear before this Court for a scheduled hearing at 12:30 p.m. on March 29, 2006." Plt's Memorandum of Material Facts, Ex. D-1. The order to show cause, summons, and notice of hearing list several potential penalties for contempt violations, including a myriad of fines, imprisonment until compliance, and any penalties the state court chooses to impose based upon its inherent power.

The Chapter 13 trustee filed a motion to dismiss Smith's bankruptcy case on April 27, 2006. However, this motion was withdrawn on May 11, 2006. The Chapter 13 trustee filed a second motion to dismiss on June 27, 2006, stating that Smith was ineligible under chapter 13 because the unsecured debt exceeds the debt limitation for a chapter 13 plan. A hearing was held on the motion to dismiss on October 11, 2006. Conley appeared to support the motion, but

---

[1] The damages were awarded based upon violations of Ohio Revised Code section 1336.04.

2

Smith's counsel did not appear. The motion was granted on September 29, 2006. Subsequent, the court granted Smith's motion to vacate dismissal for the sole purpose of converting the case to a chapter 7. Smith filed a notice of conversion to chapter 7 on October 16, 2006.

## DISCUSSION

The filing of a bankruptcy petition invokes a stay of further collection efforts by a debtor's creditors. 11 U.S.C. § 362(a). Section 362(b) lists the exceptions to the imposition of the stay. 11 U.S.C. § 362(b). One exception allows the "commencement or continuation of a criminal action or proceeding against the debtor." 11 U.S.C. § 362(b)(1). However, criminal proceedings that are really debt collection proceedings in disguise are not protected by (b)(1). See e.g., In re Muncie, 240 B.R. 725 (Bankr. S.D. Ohio 1999); Williamson-Blackmon v. Kimbrell's of Sanford, Inc. (In re Williamson-Blackmon), 145 B.R. 18 (Bankr. N.D. Ohio 1992). An action initiated with an intent to force collection of a debt may also contravene the stay. Howard v. Allard, 122 B.R. 696, 699 (Bankr. W.D. Ky. 1991).

In order to determine whether the stay applies, the court must look at the compelling purpose of the criminal action and look at all facts and circumstances to determine the purpose of the order, as a bright-line test does not exist. In re Wiley, 315 B.R. 682 (Bankr. E.D. La. 2004). A creditor is permitted to assist prosecuting authorities in punishing those who violate criminal laws. In re Williamson-Blackmon, 145 B.R. at 21. While a creditor cannot use the contempt process to aid in the collection of debt, a creditor can provide information to prosecutorial authorities regarding criminal law violations as long as the principal motivation is not based upon a desire to collect a debt. Id (holding that creditor who provided address of debtor upon request of police detective did not violate automatic stay).

In this case, none of the state court documents specifically indicate whether the bench warrant is based upon civil or criminal contempt. Given the various facts available to the court, there is simply not enough information to conclude that the contempt is criminal. The section entitled "contempt rights" on the order to show cause contains information concerning both civil and criminal contempt. Therefore, that document in itself does not indicate whether the contempt is civil or criminal and the bench warrant does not specify whether the violation was criminal or civil in nature. Further, the bench warrant was requested by Conley, a private party, and not the state or other government authority, to coerce Smith's compliance with prior court orders. Additionally, the original contempt motion upon which the bench warrant was issued did not assert a violation of any criminal law. Rather, the original show cause hearing was requested by Conley in order to acquire certain tax returns and financial documents previously requested at a debtor's examination, the ultimate goal being the execution of Conley's judgment. The contempt order and subsequent bench warrant are geared more towards discovery and ultimate recovery of claims rather than as punitive measure to sanction Smith for offenses against public justice. Thus, the bench warrant is subject to the automatic stay provision of section 362. The court further notes that the posture of this case has changed since the motion for judicial instruction was first filed. Smith filed a notice of conversion to chapter 7 on October 16, 2006.

3

Unlike a chapter 13 plan projected to last 42 months, a chapter 7 case will likely take a more expeditious course, allowing state court proceedings to continue within a reasonable amount of time.

Smith initially asked the court to impose sanctions upon Conley for violating the automatic stay in his answer to the motion to judicial instruction. To the extent that Smith's motion has not been withdrawn, the court denies his request. Pursuant to Section 362(k), an individual injured by a willful violation of the stay shall recover actual damages. No willful violation exists in this case. Smith filed his bankruptcy case hours before his scheduled hearing and little notice of such filing was given to Conley and the state court. Due to the nature of the contempt proceedings, there was some question as to whether the automatic stay applied to this case. Conley informed the state court of the bankruptcy filing at the time the warrant was requested and the matter was brought promptly to the attention of this court.

Just as there are not enough facts available for the court to conclude that the contempt is criminal, there is similarly a failure by Smith to prove that the contempt is civil in his motion for sanctions. As such, sanctions are not appropriate. Each party bears the burden of proving their respective motion and neither succeeded in providing sufficient facts and evidence to the court to sustain his burden. While Conley fails to prove the contempt is criminal in his motion for judicial instruction, Smith similarly fails to prove the contempt is civil in his motion for sanctions.

## CONCLUSION

While the state court clearly has the power and right to sanction parties for offenses against public justice, there is simply not enough information in the record before this court to determine that the bench warrant issued was done so due to a criminal contempt violation. Weighing heavily in the court's decision is the fact that Conley, not the state court, requested both the bench warrant and the show cause order. The warrant is subject to the provisions of section 362. Because there was not a willful violation of the automatic stay, the court declines to issue the sanctions requested by Smith. The court anticipates that the conversion to chapter 7 will cause the case to move expeditiously and allow Conley to pursue further action in state court. If for some reason this does not occur, Conley is free to make a further motion to this court.

A separate order is issued herewith.

/s/ Russ Kendig

_____
**Judge Russ Kendig**

DEC 0 4 2006

4

<u>**Service List**</u>

Clayton B. Smith
6105 Cedar Lane NW
Canton, OH 44708

David A. Mucklow
4882 Mayfair Road
North Canton, OH 44720

Michael V. Demczyk
P.O. Box 867
12370 Cleveland Ave. NW
Uniontown, OH 44685

Craig Conley
604 Unizan Plaza
220 Market Ave. South
Canton, OH 44702

5