UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 7 |
| | ) |
| CLAYTON B. SMITH, | ) CASE NO. 06-60396 |
| | ) |
| Debtor. | ) JUDGE RUSS KENDIG |
| | ) |
| | ) |
| | ) |
| | ) MEMORANDUM OF OPINION |
| | ) (NOT INTENDED FOR |
| | ) PUBLICATION) |

Three motions are now before the Court. Debtor Clayton B. Smith, *pro se* (hereafter "Debtor") filed a pleading titled "Motion under §U.S.C.362" (sic) on January 22, 2008 (hereafter referred to as a motion for violation of the discharge injunction). Creditor Craig T. Conley, *pro se* (hereafter "Creditor") filed a response on January 31, 2008. Debtor followed with his "Response to Memorandum Contra" on February 11, 2008. Creditor filed a "Notice to the Court" on February 26, 2008 to advise the Court of a state court decision finding Debtor was a vexatious litigator. Debtor submitted a response to the notice on March 7, 2008, in which he requested the Court strike the notice. Debtor followed this filing with a "Motion for Clarification" on March 14, 2008, to which Creditor responded on March 26, 2008. Debtor replied on April 4, 2008. In accordance with Local Bankruptcy Rule 9013-1(e), no hearings were scheduled, nor was a hearing requested by either party.

The court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

I. **Motion for Violation of the Discharge Injunction**

Upon review of the motion, it appears that Debtor takes issue with a judgment granted in favor of Creditor by a state court on December 14, 2007.[1] In that entry, the state

---

[1] Debtor references state court case 2002 CV 02854 in his motion. However, upon review of the copy of the judgment entry attached to Debtor's motion, it appears that the correct case number is 2003 CV 02854.

court determined that Debtor's pursuit of the state court action "clearly constituted frivolous conduct under O.R.C. 2323.51(A)(2)(a)(i) and/or (ii) and/or (iii) and/or (iv)" and awarded Creditor $90,458.48 in attorney's fees. Since Debtor received a discharge on February 22, 2007, he argues the judgment violates the discharge injunction set forth at 11 U.S.C. § 524(a). According to Debtor, the debt arises in a suit, and from a claim, that was pending at the time his bankruptcy case was filed and was discharged as a prepetition debt.

First, the Court will address the argument that Creditor's continuation of the action was a violation of the automatic stay under 11 U.S.C. § 362. Debtor removed the action to the bankruptcy court on June 6, 2006. Smith v. Conley (In re Smith), Case No. 06-60396, Adv. No. 06-6102 (Bankr. N.D. Ohio 2006). Creditor filed a motion to remand the litigation back to the state court, and the Court granted remand on January 31, 2007. Debtor cannot now argue that the continuation of this proceeding was a violation of the automatic stay when the argument was not presented in this court or in the common pleas court. Debtor never sought to invoke the protections of 11 U.S.C. § 362. Debtor cannot allow litigation to continue and, upon the entry of an adverse ruling, then argue that the litigation was violation of the automatic stay.

Regarding Debtor's argument that the motion for sanctions and subsequent award violated the discharge injunction, Creditor claims that the motion for sanctions underlying the judgment was not related to prepetition debt, and since it was rendered postpetition, the judgment does not violation 11 U.S.C. § 524. Although the motion for sanctions was filed post-discharge, the common pleas court specifically stated that "the attorney's fees expended in Conley's defense of this action and in related appellate and Bankruptcy Court proceedings . . . were reasonable and necessary." Much of this defense was carried out prepetition. Creditor himself admits that the appellate court instructed the trial court to consider a motion for sanctions "at the conclusion of the underlying action." (Creditor's Memo. Contra dated Jan. 31, 2008, p. 3) Consequently, it appears that the award made by the common pleas court was related to both prepetition and postpetition conduct. Pursuant to 11 U.S.C. § 727(b), debts arising from prepetition conduct would be dischargeable. Conversely, an award related to postpetition conduct would be nondischargeable. *See generally* Big Yank Corp. v. Libert Mut. Fire Ins. Co. (In re Water Valley Finishing, Inc.), 139 F.3d 325 (2nd Cir. 1998); Archer v. Archer (In re Archer), 277 B.R. 825 (Bankr. M.D. Georgia 2001). Creditor must request the common pleas court to apportion the award between prepetition and postpetition events in order to determine how much of the award survives discharge before executing on the judgment.

To the extent that entry of the sanction award related to prepetition, dischargeable debt, any harm to Debtor from entry of the order was *de minimis* and the violation technical in nature. Therefore, the Court finds that an award of sanctions in Debtor's favor is not warranted. Debtor's motion for a violation of the discharge injunction is **DENIED**.

II.   **Motion to Strike**

On February 26, 2008, Creditor filed a "Notice to the Court" which advised the Court

that a state court determined Debtor to be a vexatious litigator. A copy of the judgment was attached to the notice. Debtor responded to the notice on March 7, 2008. Debtor said that the judgment was the "continuation of an action after discharge" and therefore violated 11 U.S.C. § 362(1) (sic). The action seeking to determine that Debtor was a vexatious litigator was not an action covered by 11 U.S.C. § 362(a). According to the state court docket, the action was initiated on December 21, 2007, well after Debtor's discharge. Second, the action was not related to a claim against Debtor, did not involve property of the Debtor or the estate, and did not seek to adjust the rights of a debtor-creditor relationship between the parties. Debtor's argument that this action violated the automatic stay is not well-taken.

Turning to the motion to strike, it is Debtor's burden, as movant, to demonstrate by a preponderance of the evidence that the notice should be stricken. In re EBP, Inc., 171 B.R. 601 (Bankr. N.D. Ohio 1994). The Court finds that Debtor failed to carry his burden and **DENIES** the motion to strike the notice. In a related adversary proceeding, Creditor sought a finding by this Court that Debtor engaged in vexatious litigation. Conley v. Smith (In re Smith), Case No. 06-60396, Adv. No. 07-6022 (Bankr. N.D. Ohio 2006), Dkt. 56. This notice is directly related to that motion and therefore is not immaterial or irrelevant. The notice was also filed in the adversary case and is part of the record in the adversary, so the Court can perceive no reason to strike the notice in the main case.

### III. Motion for Clarification

Debtor seeks the Court to clarify its position on his motion for a violation of the discharge injunction. Debtor apparently mistakenly believed that the Court's memorandum of opinion dated March 3, 2008, issued in the related adversary, addressed the motion filed in the main case. It did not. As set forth above, the motion has been addressed in this opinion. The motion for clarification sought clarification of an issue which had not been decided and was therefore premature. Thus, the motion must be **DENIED**.

An order in accordance with this opinion will be issued immediately.

/s/ Russ Kendig
RUSS KENDIG
U.S. BANKRUPTCY JUDGE

**Service List**:

Craig T. Conley
220 Market Ave., S.
Canton, OH 44702

Clayton B. Smith
55059-060 FCI Morgantown
Federal Correctional Institution
P.O. Box 1000
Morgantown, WV 26507-1000

Clayton B Smith
6105 Cedar Lane NW
Canton, OH 44708