UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| CLAYTON B. SMITH, | ) | CASE NO. 06-60396 |
| | ) | |
| Debtor. | ) | ADV. NO. 07-6022 |
| | ) | |
| CRAIG T. CONLEY, | ) | JUDGE RUSS KENDIG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT INTENDED FOR** |
| CLAYTON B. SMITH, | ) | **PUBLICATION)** |
| | ) | |
| Defendant. | | |

Yet another round of motions is before the Court in the on-going conflict between Plaintiff Craig T. Conley (hereafter "Plaintiff") and Defendant Clayton B. Smith (hereafter "Defendant"). Two motions are before the Court. The first is Plaintiff's motion seeking to find Defendant is a vexatious litigator, filed on March 10, 2008. Plaintiff filed a memorandum in support on March 11, 2008. Defendant opposed the relief in a pleading filed March 19, 2008. Plaintiff filed a reply on March 25, 2008. The second motion is Defendant's motion for stay pending appeal and motion to proceed in forma pauperis. Plaintiff responded on March 25, 2008 and Defendant replied on April 4, 2008.

The court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. 157(b)(2)(I). The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

Defendant filed a chapter 13 petition on March 28, 2006 and Plaintiff was included as a creditor on Schedule F. According to Schedule F, Plaintiff was owed a debt arising from professional fees for services rendered by Plaintiff to Defendant. Defendant later converted the case to chapter 7, and, upon conversion, a chapter 7 notice was issued and provided that the last date to oppose discharge, or the dischargeability of certain debts, was February 9, 2007. On February 9, 2007, Plaintiff timely filed a complaint under 11 U.S.C. § 523(a)(2)

objecting to the discharge of the debt owed to him by Defendant, alleging that the debt was obtained by fraud. Defendant was granted a discharge on February 22, 2007. In a Memorandum of Opinion and a related order, both dated March 3, 2008, the Court found the debt owing Plaintiff to be nondischargeable. Defendant filed an appeal on March 12, 2008. Plaintiff now seeks to have Defendant declared a vexatious litigator; Defendant wants the stay to remain in place pending his appeal.

## DISCUSSION

### I. Motion to Declare Defendant a Vexatious Litigator

In his motion, Plaintiff requests that the Court enter an order finding Defendant is vexatious litigator and require Defendant to obtain approval of the Court before he is permitted to file additional pleadings with a federal court. In a supplemental pleading, Plaintiff recognizes that this Court "may not have jurisdiction to issue the 'any Federal fora' relief requested by Conley," and limits his request to pleadings in this court. Plaintiff filed a notice in the main case and attached a decision from the Stark County Court of Common Pleas which found Defendant was a vexatious litigator and imposed a prefiling bar on Defendant in state court. (Document "Notice to Court", dkt. 50, Feb. 26, 2008).

After review of this file and the applicable case law, the Court **GRANTS** Plaintiff's request to declare Defendant a vexatious litigator. Issuance of an order sought by Plaintiff is "an extreme remedy which must be 'narrowly tailored and sparingly used.'" Hollis-Arrington v. PHH Mortgage Corp., 2006 WL 3078935, * 5 (unpublished) (citing Abdul-Akbar v. Watson, 901 F.2d 329, 332 (3d Cir. 1990); *see also* Hyland v. Stevens, 2002 WL 1354695 (6th Cir. 2002) (unpublished)). However, the prefiling bar requested by Plaintiff is a permissible exercise of the court's powers. *See* Conway v. Nusbaum, 2004 WL 1888879 (6th Cir. 2004) (citing Feathers v. Chevron U.S.A., Inc., 141 F.3d 264, 269 (6th Cir. 1998)).

This Court views the vexatious litigator finding of the state court as a rebuttable presumption against Defendant, and Defendant has failed to rebut the presumption that he is a vexatious litigator. Looking at the litigation spawned in this Court, it is apparent that Defendant's tactic is to file as much as possible and hope for a direct hit. Further, the pleadings also indicate a lack of knowledge of the bankruptcy code and the appropriateness of the pleadings. The following motions have been filed by Defendant pro se:

 Motion Under §U.S.C. 362 (Case No. 06-60396, dkt. 109, January 22, 2008)
 Motion to Strike (Case No. 06-60396, dkt. 116, March 7, 2008)
 Motion for Clarification (Case No. 06-60396, dkt. 117, March 14, 2008)
 Motion to Dismiss (Adv. Case No. 07-6022, dkt. 12, April 18, 2007)
 Motion to Vacate Order on Motion for Default Judgment (Adv. Case No.
  07-6022, dkt. 23, June 25, 2007)

Motion for Fraud (Adv. Case. No. 07-6022, dkt. 43, January 3, 2008)
Motion for Summary Judgment (Adv. Case No. 07-6022, dkt. 45, January 14, 2008)
Motion to Compel (Adv. Case No. 07-6022, dkt. 48, February 1, 2008)
Motion for Stay Pending Appeal (Adv. Case No. 07-6022, dkt. 59, March 12, 2008)
Application to Proceed In Forma Pauperis (Adv. Case. No. 07-6022, dkt. 60, March 12, 2008)

Of these ten motions, nine have been denied. Additionally, the Court also dismissed Defendant's counterclaim against Plaintiff. (Order, dkt. 53, March 3, 2008). Defendant also failed to perfect his appeal. (Cert. of Failure to Perfect an Appeal, dkt. 69, May 16, 2008). In order to conserve judicial resources and promote judicial economy, the Court hereby imposes a prefiling bar on Defendant. Prior to filing any new pleadings in this Court in this adversary case or the main case, Defendant must obtain leave of the Court.

## II. Defendant's Motion for Stay Pending Appeal and Motion to Proceed In Forma Pauperis

Rule 8005 provides the basis for the entry of a stay pending an appeal. The rule instructs that "the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest." To succeed in obtaining a stay pending appeal, the movant must show: (1) a likelihood of success on the merits, (2) that irreparable injury would occur in the absence of a stay, (3) a lack of substantial injury to other interested parties, and (4) that the public interest served through imposition of a stay. *See* In re Salvo, 2008 WL 938585 (Bankr. N.D. Ohio 2008) (citing Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 153 (6th Cir. 1991) (other citations omitted)).

Defendant's likelihood of success on the merits of his appeal is unlikely because Defendant failed to perfect his appeal. He did not timely designate a record, nor did he file a statement of issues on appeal pursuant to Rule 8006. Additionally, the probability of irreparable injury to Defendant is minimal. Defendant is currently incarcerated in a federal prison earning $16.00 per month, as stated in his application to proceed in forma pauperis. In his 2006 petition, Defendant indicated assets of less than $4,000,[1] which included a 1993 Jeep Cherokee valued at $3,000. In his application to proceed in forma pauperis, he now values the Jeep at $500 and he discloses no other assets. Quite simply, it is unlikely that attempts to collect on the debt would result in irreparable injury to Defendant. Similarly, it is just as unlikely that collection attempts would be profitable to Plaintiff at this point in time. For this reason, there is little likelihood of harm to Plaintiff

---

[1] Schedule B actually lists a total of over $6,000 in assets, but the 1993 Jeep Cherokee is listed twice.

either with or without a stay in place. Finally, this controversy is limited to Plaintiff and Defendant. The Court cannot conclude that there is a public interest to be served by imposing a stay. As a result, the Court **DENIES** Defendant's motion for stay pending appeal.

Defendant also seeks to proceed in his appeal in forma pauperis. His motion is governed by 28 U.S.C. § 1915. Defendant has failed to abide by the directives set forth in this section and therefore his motion will be **DENIED**. 28 U.S.C. § 1915(a)(2) requires

> A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

As a result of Defendant's failure to comply with section 1915(a)(2), his motion to proceed in forma pauperis must fail. *See* Blumeyer v. Sosne (In re Blumeyer), 2007 WL 209917 (E.D. Mo. 2007).

An order in accordance with this opinion shall be issued immediately.

/s/ Russ Kendig
_____
RUSS KENDIG
U.S. BANKRUPTCY JUDGE

**Service List**:

Craig T. Conley
220 Market Ave., S.
Canton, OH 44702

Clayton B. Smith
55059-060 FCI Morgantown
Federal Correctional Institution
P.O. Box 1000
Morgantown, WV 26507-1000

Clayton B Smith
6105 Cedar Lane NW
Canton, OH 44708